UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 9, 2015

LETTER TO COUNSEL

    RE:   *Brian Wayne Little v. Commissioner, Social Security Administration*;
            Civil No. SAG-13-3328

Dear Counsel:

On November 7, 2013, Plaintiff Brian Wayne Little petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Little's reply. (ECF Nos. 19, 27, 30). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the ALJ's opinion in part, and remand the case to the Commissioner. This letter explains my rationale.

Mr. Little filed his claims for benefits in June of 2010, alleging a disability onset date of May 1, 2002. (Tr. 183-91, 194-200). His claims were denied initially and on reconsideration. (Tr. 87-119, 123-34). An Administrative Law Judge ("ALJ") held a hearing on July 26, 2012. (Tr. 27-83). Following the hearing, the ALJ determined that Mr. Little was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-26). The Appeals Council denied Mr. Little's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Little suffered from the severe impairments of major depressive disorder, personality disorder, alcohol abuse, obesity, and anxiety. (Tr. 613). Despite these impairments, the ALJ determined that Mr. Little retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for six hours and can sit for six hours in given workday. The claimant is precluded from hazardous work because of medications. Hazards are defined as ladders, scaffolds and dangerous machinery. His psychiatric impairments direct that he be limited to simple work, svp 2. He is capable of sustaining a 40 hour workweek at that level of complexity: svp 2. He can concentrate and pay attention to unskilled work as long as he gets work

> breaks. He can turn out an adequate amount of work, is capable performing within a schedule, being on time, limiting breaks as directed. He is capable of staying on task and producing work – not at an assembly-line or quota work pace, but an adequate amount of work product by the end of the day. He finds it difficult to accept instructions and criticism but he retains the capacity to deal with a supervisor in the context of svp 2-simple, repetitive work. Further, he should have only limited contact with the general public, occasional at most: 1/3 of workday or less, to lower work stress.

(Tr. 615). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Little could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 620-21).

Mr. Little raises two arguments on appeal, contesting (1) the ALJ's evaluation of the opinions of his treating physicians and (2) her application of the special technique for evaluating mental health conditions. Although I believe that the application of the special technique was sufficient, I concur that the ALJ provided an inadequate explanation of her consideration of the evidence pertaining to the RFC assessment. Thus, it is appropriate to reverse the ALJ's decision as to its analysis and remand this case for further consideration. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Little is not entitled to benefits is correct or incorrect.

Beginning with the application of the special technique, the ALJ's discussion is adequate, though not stellar. The required "special technique" for evaluating mental impairments is set forth in 20 C.F.R. §§ 404.1520a, 416.920a. *Rabbers v. Comm'r of the Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (*citing Schmidt v. Astrue*, 496 F.3d 833, 844 n. 4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* §§ 404.1520a(b)(2), 404.1520a(c), 416.920a(b)(2), 416.920a(c). The ALJ is required to document the application of the special technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* §§ 404.1520a(e)(4), 416.920a(e)(4). A Social Security Policy Interpretation Ruling, concerning how RFC is assessed in initial claims, explains that the ALJ's narrative should discuss a claimant's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, as well as the maximum amount of each activity the claimant can perform based on the evidence in the record. SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996).

In this case, the ALJ evaluated each of the appropriate functional areas and provided some discussion explaining the conclusion in each functional area. (Tr. 614). Ideally, the ALJ's analysis would cite both to testimony and reports from Mr. Little and to the medical evidence of record. While, in this case, the only citations were to information provided by Mr. Little, I

cannot conclude that the ALJ improperly analyzed the evidence in any functional area, and I am able to ascertain the evidentiary basis for each conclusion. Accordingly, I do not find the ALJ's application of the special technique to be deficient.

However, in considering Mr. Little's RFC assessment, the ALJ failed to provide an acceptable explanation with respect to several pieces of evidence in the record. First, while the ALJ acknowledged in the application of the special technique that Mr. Little "has been fired or laid off because of problems getting along with other people," (Tr. 614), the ALJ did not discuss her evaluation of that evidence anywhere within the RFC analysis.[1] In fact, Mr. Little's work history report reflects that he has an inordinate number of work attempts, the vast majority of which lasted one month or less. (Tr. 217-28); *see also* (Tr. 66) (testimony that he had tried over 100 jobs, lasting no more than a month, because of problems with interaction with others and physical symptoms from panic attacks and anxiety). That evidence potentially could corroborate the opinions of Mr. Little's treating physicians, who suggested that his mental health impairments would prevent him from sustaining substantial gainful employment. Without further analysis, I am unable to assess whether the ALJ's contrary conclusion is supported by substantial evidence.

In addition, the ALJ stated that "the claimant's only hospitalization related to mental issues was for substance abuse rather than psychological symptoms," (Tr. 618), and that the claimant "has had no inpatient stays at any mental facility for reportedly debilitating symptoms." (Tr. 618). In fact, as the ALJ noted earlier in the opinion, Mr. Little's hospital admission in May, 2011 occurred due to suicidal and homicidal ideations after marital problems, and the resulting diagnosis was bipolar disorder, severe. (Tr. 617). While Mr. Little appears to have had positive drug screens during that hospital stay, the treatment notes do not appear to reflect that substance abuse played a major factor or was causally related to the diagnosis of bipolar disorder. (Tr. 581-96). Thus, it is unclear whether the ALJ appropriately evaluated the May, 2011 hospitalization as evidence of Mr. Little's psychological symptoms. In addition, the ALJ stated in her opinion that "the claimant admitted that his medications are helping" (Tr. 618), without including the relevant context in which Mr. Little also testified that his panic attacks were increasing, and that he suffered significant side effects from the medication, including low energy and fatigue. (Tr. 64-65).

The ALJ further discussed, in the opinion, that Mr. Little had been assigned "most recently" a GAF score of 50. (Tr. 618). While the ALJ correctly noted that GAF scores are not determinative, the ALJ did not acknowledge, within the analysis, that Mr. Little had received many different GAF scores within the relevant period, and that 50 was actually at the high end of the scores assigned. *See, e.g.* (Tr. 587) (reflecting GAF of 35); (Tr. 448) (showing current GAF of 45); (Tr. 397) (indicating GAF of 40).

---

[1] That suggestion of fundamental problems with social interaction is further corroborated by evidence in the medical record. *See, e.g.,* (Tr. 410) (note from Dr. Wolf that he "will ask this patient to seek care elsewhere for being verbally threatening to staff."). Given the record as to Mr. Little's difficulties interacting with others, it is unclear what evidence the ALJ relied upon to reach the conclusion that Mr. Little was capable of interaction with the general public for up to 1/3 of the workday. (Tr. 615).

*Brian Wayne Little v. Commissioner, Social Security Administration*
Civil No. SAG-13-3328
March 9, 2015
Page 4

Finally, most of the opinions considered by the ALJ, including both opinions by the non-examining State agency physicians and one opinion from one of Mr. Little's treating physicians, were written prior to Mr. Little's hospitalization in May, 2011. Following that hospitalization, Mr. Little was incarcerated for a significant period from October, 2011 through March, 2012, and, upon release, had increasing issues with panic attacks. The ALJ's analysis, which assigned "significant weight" to the opinions of the non-examining State agency physicians from 2010 and April, 2011, does not specifically address whether there were any relevant changes in Mr. Little's condition during the latter period preceding the ALJ's decision. On remand, the ALJ should address that latter period of time.

For the reasons set forth herein, Mr. Little's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 27) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge